UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DR. STEPHEN SAYRE,<br><br>                              Plaintiff,<br><br>   v.<br><br>VISION FILMS et al.,<br><br>                              Defendants. | Case No. 2:26-cv-00022-ART-NJK<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS (ECF Nos. 6, 7) |

Plaintiff Dr. Stephen Sayre brings this action against Defendants Vision Films, Inc., Lise Romanoff, and Lise M. Romanoff Revocable Trust, alleging breach of contract, fraudulent misrepresentation and concealment, breach of the implied covenant of good faith and fair dealing, tortious interference with prospective economic advantage, unjust enrichment, equitable accounting, violation of California unfair competition law, and fraudulent transfer/voidable transaction arising out of a Distribution Agreement for Plaintiff's feature documentary, *Ghosts and the Afterlife: A Scientific Investigation.* (ECF No. 1.) Plaintiff argues that Defendants breached the Distribution Agreement by withholding native platform data, underreporting revenues, exceeding the agreed expense cap by charging unauthorized costs, and obstructing audit rights. (*Id.*)

Before the Court are two ex parte motions for temporary restraining orders ("TROs"). (ECF Nos. 6, 7). The first TRO requests that the Court prohibit Defendants from selling, transferring, encumbering, or otherwise disposing of a Marina Del Rey property that Plaintiff alleges is subject to his equitable claims in this action. (ECF No. 6.) The second TRO requests that the Court order the Defendants to preserve the continued digital availability of his feature documentary. (ECF No. 7.)

1

### I.    Legal Standard

Rule 65(b) governs ex parte TROs. *See* Fed. R. Civ. P. 65(b). The Ninth Circuit has acknowledged that courts "have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). "Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record." Fed. R. Civ. P. 65(b).

A plaintiff "must do more than assert that the adverse party would dispose of evidence if given notice" and "must show that defendants would have disregarded a direct court order ... within the time it would take for a hearing ... [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders ...." *Reno Air Racing Ass'n, Inc.,* 452 F.3d at 1131 (quotation omitted).

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

### II.    ANALYSIS

To begin, although Plaintiff did not file his motions on an emergency basis, he does begin both motions with an "emergency statement" pursuant to LR 7-4. Per that rule, Plaintiff must title his motion "Emergency Motion" and "advise the courtroom administrators for the assigned district judge and magistrate judge

2

that the motion was filed." LR 7-4. Having failed to meet the procedural requirements under the Local Rules, the Court does not consider Plaintiff's motions emergency motions.

### a. Notice

Plaintiff's cited attempts to resolve the dispute, including direct outreach, written demands, and participation in a scheduled audit, were not efforts made subsequent to filing this lawsuit. Plaintiff claims that "service of this motion would likely trigger immediate transfer or encumbrance of Unit 1912, retaliatory delisting of the Film, and concealment or destruction of evidence before the Court can act." (ECF No. 6 at 6.) He cites "Defendant's prior retaliatory threat to delist the Film, contemporaneous asset transfers following audit obstruction, and the demonstrated ability to irreversibly destroy platform rankings and native performance data within hours of notice" as evidence of the futility of providing notice. (*Id.*) He says that "Defendants have already threatened removal in direct response to audit demands and recategorized the Film on one of the major platforms, causing a major ratings collapse" and therefore "this Motion would almost certainly prompt Defendants to delist the Film before the Court could act." (ECF No. 7 at 25.)

This summary is conclusory. The threat that Plaintiff cites as evidence that Defendant would remove his film is an email thread from July 2023. In that thread, Defendant asks Plaintiff to "walk [her] through it all," and says she will "do [what Defendant asks] now." (ECF No. 7 at 53.) Defendant has already been served summons of this lawsuit, which includes a request for injunctive relief . Plaintiff does not cite a causal connection between Defendant's transfer of assets and the contract at the center of this dispute. This is not sufficient evidence to suggest that providing notice would defeat the purpose of the TRO.

3

### b. Irreparable Harm

### i. Preservation of Real Property

Plaintiff argues that it is necessary to issue the TRO to preserve real property ex parte because there is a substantial and imminent risk that Defendants will "(1) transfer, encumber, or otherwise dispose of 13600 Marina Pointe Drive, Unit 1912, thereby defeating Plaintiff's fraudulent transfer, constructive-trust, and equitable-lien claims; (2) conceal or dissipate other assets; and (3) engage in further retaliatory conduct." (ECF No. 6 at 5.) He claims notice "is impracticable and would itself precipitate the very harm this Motion seeks to prevent." (*Id.*)

Plaintiff relies on his claim for fraudulent transfer as a basis under which he will suffer irreparable harm should the Marina Del Rey property be transferred. Fraudulent transfer claims confer standing only on a creditor of a debtor. Cal. Civ. Code § 3439.04; NRS 112.180. Plaintiff has not established that he has any right over the property in question as a creditor under either California or Nevada law.

This case appears to be more similar to the plaintiff in *Modular Management Grp. Inc. v. Adamo Construction Inc.*, who alleged that the defendant's conduct "issuing insider distributions while insolvent, forming multiple shell entities sharing the same address and officers, and actively selling valuable real estate assets" amounts to irreparable harm "because it dissipates assets that Plaintiff would be entitled to if it prevails on later judgment." No. 25-cv-01419-BAS-SBC, 2025 WL 2799678, at *3 (S.D. Cal. Sept. 30, 2025). There, the court found that because the plaintiff did not have any current legal claim to the disputed assets, and this prospective loss of funds "does not qualify as irreparable harm sufficient to justify a TRO" without adequate notice or briefing. *Id.* Having not established that he has any current legal claim to the real property at issue, Plaintiff has failed to establish irreparable harm under the standard for

4

this ex parte TRO.

ii. **Preservation of Digital Availability of Film**

Plaintiff also claims that he will suffer immediate, irreparable harm if the film is removed from digital platforms by "irreversibly eras[ing] over two years of earned digital momentum, eliminat[ing] platform-level financial evidence, and dismantl[ing] the Film's SEO visibility, rating profile, and algorithmic position." (ECF No. 7 at 9.) The Court does not dispute that there is a possible injury in the delisting of the film, but Plaintiff has not established that this threat of harm is "immediate" for the purposes of an ex parte motion. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.,* 736 F.3d 1239 (9th Cir. 2013) (injunction must be based on more than the "possibility" of irreparable harm).

**III.   CONCLUSION**

It is therefore ordered that Plaintiff's motions for temporary restraining orders (ECF Nos. 6, 7) are DENIED without prejudice. If Plaintiff wishes to seek injunctive relief, he may bring a noticed motion for preliminary injunction under Rule 65(a).

DATED: January 15, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

5